H. DOUGLASS COOK AND CHIEKO COOK, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Cook v. Commissioner
Docket No. 35096-86.
United States Tax Court
T.C. Memo 1989-281; 1989 Tax Ct. Memo LEXIS 281; 57 T.C.M. (CCH) 681; T.C.M. (RIA) 89281; June 12, 1989. Lawrence E. Lewy, for the petitioners. Michal Cline and Thomas M. Cryan, for the respondent. PAJAK
MEMORANDUM FINDINGS OF FACT AND OPINION PAJAK, Special Trial Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Additions to Tax Under Sections
Year
Deficiencies
6653(a)(1)
6653(a)(2)
1981
$  4,641
$  232
*  1982
3,264
163 ** 1983
3,601
180 ***
*282 (All section numbers refer to the Internal Revenue Code for the taxable years in issue. All rule numbers refer to the Tax Court Rules of Practice and Procedure.) After concessions, the issues for decision are (1) whether petitioners are entitled to deduct legal fees for defending a libel suit; (2) whether petitioners are entitled to deduct an alleged charitable contribution; and (3) whether petitioners are liable for additions to tax for negligence pursuant to sections 6653(a)(1) and 6653(a)(2). FINDINGS OF FACT To the extent stipulated, the facts are so found. Petitioners resided in Bethesda, Maryland, when their petition was filed. During the years in issue, petitioner H. Douglass Cook (petitioner) was a manpower development specialist at the Department of Labor (DOL), Washington, D.C. He was a member of Local 12 of the American Federation of Government Employees (AFGE). Local 12 has a contract with the DOL to represent DOL employees *283 in the Washington area. Petitioner was appointed by AFGE to serve as head steward for Local 12 in 1981. Petitioner was not compensated by AFGE or DOL for his duties as head steward. DOL permitted AFGE officers to carry on union representational or training activities during work hours. AFGE members were not permitted to carry on union campaign activities during work hours. In 1982, petitioner was an unsuccessful candidate for head steward of Local 12, but was elected as a delegate to the AFGE convention. During the campaign for union offices, petitioner and seventeen other candidates allegedly endorsed a document that claimed that four incumbent officers of Local 12 had misappropriated union funds. A libel suit was filed against petitioner and the other candidates by those four incumbent officers. On January 30, 1984, the Superior Court for the District of Columbia entered an order which granted petitioner's and two co-defendants' motion for summary judgment and dismissed the case as to them. Petitioner, along with his co-defendants, had retained a law firm to defend them in the libel action. During the years in issue, co-defendant Neidla C. Lee collected checks from each *284 co-defendant for their respective share of the legal fees and then forwarded the checks to the law firm. Petitioner and the two co-defendants, who had the motion for summary judgment granted, paid approximately the same amount of legal fees in defense of their libel suit. Petitioner paid no more than $ 4,298 in 1982 and 1983 for his share of the legal fees. On their Federal income tax returns for 1982 and 1983 petitioners deducted $ 9,264 and $ 3,112, respectively, for legal expenses, or a total of $ 12,376 for those two years. Respondent disallowed these deductions on the grounds that petitioner did not pay the amounts deducted and that the payments made were not ordinary and necessary expenses paid or incurred in carrying on a trade or business under section 162. In 1981, petitioners' son, Timothy Cook (Timothy), was a full time student at Michigan State University (Michigan State). He received a Bachelor of Arts degree from Michigan State in 1981. He majored in social science, law and democracy. For the spring quarter term in 1981, Timothy received 15 credit hours from Michigan State with a "pass" grade for a "Field Experience" course, number 390. The Michigan State catalogue *285 describes the field experience course in the following manner: Participant observation in organizations currently engaged in making, influencing, implementing or analyzing policies pursued by public or private organizations relevant to college programs. Designed to provide insight into and knowledge of policy problems and the way organizations deal with them. Timothy's field experience was as a student intern at the Pacific Conference of Churches Research Centre (the Centre) in Port Vila, Vanuatu. The Centre focuses on the social, economic, and political problems facing Vanuatu and other countries in the Pacific area. Vanuatu is a new nation in the New Hebrides Islands of the Pacific Ocean. Timothy arrived in Vanuatu in April 1981, and returned home in June 1981. Timothy's airfare for his trip to Vanuatu was $ 1,582. This was billed to petitioner's American Express charge card. The internship was facilitated by the Christian Church, Disciples of Christ (the church), Division of Overseas Ministries. For 1981, petitioners' claimed charitable deductions of $ 4,663 included $ 1,604 for the airfare to Vanuatu and for cash given to Timothy for his expenses. Respondent disallowed *286 that $ 1,604 on the grounds that those payments fail to qualify as a charitable contribution under section 170. Respondent also determined that petitioners were liable for additions to tax under sections 6653(a)(1) and (a)(2) for 1981, 1982 and 1983 for underpayment of tax due to negligence. Other adjustments, conceded or automatic were made. OPINION Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. Legal expenses are deductible under section 162(a), only if they are directly connected with or proximately resulting from the conduct of a trade or business. Trust of Bingham v. Commissioner,325 U.S. 365, 373-374 (1945); Rafter v. Commissioner,60 T.C. 1, 8 (1973), affd. without published opinion 489 F.2d 752 (2d Cir. 1974). In determining whether legal expenses have a sufficiently close relationship to the taxpayer's trade or business, the controlling criteria are the origin and character of the controversy which led to the expense rather than the potential consequences of the failure to prosecute or defend the litigation. United States v. Gilmore,372 U.S. 39, 49 (1963); *287 Rafter v. Commissioner,60 T.C. at 8. The issue of the origin and character of the controversy is a question of fact. Rafter v. Commissioner,60 T.C. at 8. Petitioner asserts that his legal expenses are deductible because the legal expenses involving the campaign of a union official were held deductible in Carey v. Commissioner,56 T.C. 477 (1971); affd. 460 F.2d 1259 (4th Cir. 1972). In Carey, the president of the International Union of Electrical, Radio and Machine Workers (IUE) was unsuccessful in his bid to be reelected. During the course of counting the ballots, the other candidate filed suit in the United States District Court for the District of Columbia seeking to enjoin further tabulation until adequate safeguards were provided to insure accuracy. The complaint alleged, inter alia, that Carey, as the incumbent president of IUE, would not act impartially to insure an accurate tabulation of the votes. The action was dismissed. This Court permitted Carey to deduct his legal expenses in the District Court action because the expenses were incurred defending a suit that alleged that illegal acts were performed *288 by Carey in the business of being IUE president. Petitioner's position is not analogous to that of the taxpayer in Carey. Petitioner was an appointed union official running for election. He performed his union duties as a volunteer. Petitioner's only job was with DOL and since his union office was not part of his job with DOL, his campaign and the libel suit arising from campaign activity were not part of his job. After consideration of the record, we find that the legal expenses were not incurred in an activity directly connected with or proximately resulting from the conduct of petitioner's trade or business. Unfortunately for petitioner, he was a volunteer and, as such, is not entitled to deduct his legal expenses under section 162(a). Lastly, petitioner paid no more than $ 4,298 for legal fees in 1982 and 1983. He would be entitled to deduct no more than a total of $ 4,298 for 1982 and 1983 in sharp contrast to the total of $ 12,376 claimed as deductions in those two years. Petitioners put no evidence in the record as to how the $ 4,298 should be allocated between the two years. Since we have ruled that petitioners are not entitled to any deduction for these legal *289 fees, we need not allocate this amount between the two years. Section 170 allows a deduction for any charitable contribution to or for the use of an entity organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes. Section 262, however, states that no deduction is allowed for personal, living, or family expenses. Petitioners bear the burden of proving that they are entitled to the deductions they claim. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a). Petitioners contend that the expenses for Timothy's trip to Vanuatu are deductible as a contribution to a missionary. But the evidence shows that Timothy's internship in Vanuatu was primarily intended to benefit his personal education. Although the internship was set up through the church, the record lacks any substantiation of the nature of the internship or of the church's supervision of Timothy. Conspicuously absent from the record is any significant information on Timothy's daily activity in Vanuatu, the research paper that petitioner stated Timothy wrote in Vanuatu, and the supervisor's evaluation form from the church in Vanuatu. At trial petitioner *290 himself called his son a research fellow, not a missionary. The failure of a party to introduce evidence within his possession and which, if true, would be favorable to that party, gives rise to the presumption that if produced it would be unfavorable. This is especially true where, as here, the party failing to produce the evidence has the burden of proof. Wichita Terminal Elevator Co. v. Commissioner,6 T.C. 1158 (1946), affd. 162 F.2d 513 (10th Cir. 1947). We can only conclude that the absence of any attempt by petitioners to show that Timothy was a missionary was because the evidence of his activity in Vanuatu would persuade us otherwise. We find that Timothy was a student, not a missionary, and used the church's assistance to facilitate the internship for his own education. Petitioners may not deduct the cost of Timothy's trip to Vanuatu, or the amount of cash given to him, because his education is a nondeductible personal, living, or family expense under section 262. Section 1.262-1(b)(9), Income Tax Regs.
We have considered the cases upon which petitioners rely, and find them inapposite. In White v. United States,725 F.2d 1269 (10th Cir. 1984), *291 the taxpayer was entitled to a deduction under section 170 for amounts paid directly to his son and to a travel agent for expenses of his son's service as a missionary for the Church of Jesus Christ of Latter-Day Saints (LDS), also known as the Mormon Church. See also Brinley v. Commissioner,782 F.2d 1326 (5th Cir. 1986), vacating and remanding 82 T.C. 932 (1984). (Compare the recent case of Davis v. United States,861 F.2d 558 (9th Cir. 1988), which is adverse to petitioners' position.) The Tenth Circuit stated in White that the LDS had almost total control over their missionaries. Petitioners have failed to show sufficient evidence of Timothy's activities while in Vanuatu and of any control over him by the church at that time. We find that the facts in petitioner's case are totally different from those in White and in Brinley.
Respondent determined additions to tax for 1981, 1982, and 1983 under sections 6653(a)(1) and (a)(2) for underpayment of tax due to negligence. Petitioner bears the burden of showing that no part of any underpayment is due to negligence or intentional disregard of rules or regulations. Axelrod v. Commissioner,56 T.C. 248, 258-259 (1971). *292 On this record, we are satisfied that petitioners are liable for the additions to tax under sections 6653(a)(1) and (a)(2) for 1981, 1982, and 1983. Decision will be entered under Rule 155.
Footnotes
*. 50% of the interest due on the $ 4,641 underpayment due to negligence. ** 50% of the interest due on the $ 3,264 underpayment due to negligence. *** 50% of the interest due on the $ 3,601 underpayment due to negligence.↩